SAM SKINNER v. THE STATE.

No. 8169.   Decided November 12, 1924.

No motion for rehearing filed.

1.—Attempt to Suborn Perjury—Charge of Court—Defining Offense.

Appellant excepted to the failure of the trial court to define perjury in his charge. While it would have been better practice for the court to have defined perjury, and subornation of perjury, it has never been held that the court must define an offense, if the language used in submitting the case, presents all of the essential elements of the offense.

2.—Same—Charge of Court—Suborning Perjury—Matters of Inducement.

Appellant excepted to the charge of the court, for its failure to submit any of the matters laid as inducement in the indictment. The indictment alleging that the inducement offered by appellant to Cloer, was that he would be well paid, if he would swear falsely, it is clear that to omit this from that part of the charge applying the law to the facts, would be fatal.

Appeal from the District Court of Denton County.   Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction of an attempt to suborn perjury; penalty, two years in the penitentiary.

*Robert H. Hopkins,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Denton County of an attempt at subornation of perjury, and his punishment fixed at two years in the penitentiary.

One Will D. Burks was in possession of whisky which he and Hubert Cloer drank.   Both got drunk.   Thereafter this appellant was indicted for the sale of the whisky to Burks.   In the case before us it is charged that while said indictment for the sale of the liquor was pending against appellant he made an attempt to induce Cloer to give false testimony on the trial of said liquor selling case, it being here

charged that he wilfully and corruptly attempted to induce Cloer to commit perjury on the trial of said liquor-selling case, the allegation being that he stated to Cloer that he would give and pay him money and other articles of value, and also by stating to Cloer that he would be well paid and satisfied, if on the trial of said liquor case Cloer would swear as a witness the he saw Burks, the alleged purchaser of said liquor, steal the whisky.

Cloer swore on the instant trial that appellant did come to him and talk to him about the liquor case, and did tell him that he would be well paid if he would swear on the trial of said liquor case that he saw Burks steal the liquor that he had and which appellant was charged with selling to him.

Appellant raises several interesting questions. We are not in accord with his contention that the case should be reversed because of the failure of the learned trial judge to submit a definition of perjury. While it would probably have been better practice for the court to define both perjury and subornation of perjury, since the question before the jury was whether or not appellant attempted to induce Cloer to commit perjury, still in as much as the court gave to the jury in his preliminary statement, and as far as it went, in the main charge also, a statement of the facts which if believed to be true would constitute an attempt to induce the witness to commit perjury, this might be held sufficient. It has never been held that the court must define an offense if the language used in submitting the case presents all of the essential elements of the offense.

Nor are we in accord with appellant's contention that because the indictment alleged more than one way in which appellant offered the inducement to commit perjury to the said Cloer, that the State was compelled to prove all of the said means of inducement so alleged, it being charged in the indictment that appellant offered money and other articles of value, and also that he stated to the witness that he would be well paid, if he gave the false testimony desired,— it is our opinion that the charge would be sustained upon the proof of either of the two means of inducement thus set out. We have examined the authorities cited by appellant's counsel but do not think they go to the extent contended for.

There is an exception to the charge of the court upon the ground that said charge fails to submit any of the matters laid as inducement in the indictment. We quote that paragraph of the charge in which the law is applied to the facts:

"You are therefore instructed that if you find and believe from the evidence beyond a reasonable doubt that the defendant did in Denton County, Texas, on or about the 15th day of March, 1922, unlawfully, wilfully and corruptly attempt to induce and procure Hubert Cloer to commit the offense of perjury by stating to him, the said Hubert Cloer that if he, the said Hubert Cloer, upon the trial of

the judicial proceeding in the District Court of Denton County, Texas, in the case wherein Sam Skinner was defendant, would swear as a witness that he saw Will D. Burks, Junior, steal intoxicating liquors which the indictment that was then and there on file in said judicial proceeding charged had been sold by the said Sam Skinner to the said Will D. Burks, Junior, and which said testimony so sought to be obtained was material to said judicial proceedings, and if you further find that said testimony so sought to be obtained was false and that he, the said Sam Skinner, then and there knew that the same was false, then you will find the defendant guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for some period of time not less than two years nor more than five years."

Examination of said charge makes plain the fact that the learned trial judge failed to tell the jury in said charge, or for that matter anywhere else in the entire charge, that they must believe that appellant attempted to induce Cloer to commit the offense of perjury by stating to him *that he would be well paid* if he would swear to the things desired of him. The charge quoted is the only attempted application of the law to the facts. It being alleged in the indictment that the inducement offered by appellant to Cloer was that *he would be well paid* if he would give the alleged corrupt testimony, it is clear that to omit this from that part of the charge applying the law to the facts would be fatal. The mere statement in the charge that appellant attempted to induce Cloer to commit the offense of perjury by stating to him that if he * * * would swear as a witness that he saw Burks steal the intoxicating liquor * * * which testimony was material and · * * * false * * * then they should convict him, wholly omits that which was necessary to be stated in order to present the gist of the case alleged in the indictment, i. e., that he would be well paid.

For the failure of the court to incorporate in his charge this necessary statement, the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*